R. C. BECKETT *v.* PLANTERS' COMPRESS & BONDED WAREHOUSE COMPANY.

[65 South. 275.]

1. CORPORATION. *Stockholders. Actions against third person. Loans. Misuse by borrowing corporation. Liability of officers. Action by stockholders. Conditions precedent.*

    Where a bank loaned money to a corporation, knowing that the money was to be used for a purpose not authorized by the charter of the corporation, this does not in the absence of fraud on the part of the bank, render it liable to a stockholder of the corporation for loss resulting from the misuse of such funds.

2. CORPORATIONS. *Actions by stockholders. Conditions precedent.*

    A minority stockholder of a corporation need not apply, as he is ordinarily required to do, to the directors or to the stockholders for redress before bringing a suit for the recovery of money misused where the directors, who have used the funds of the corporation for a purpose not authorized by its charter, own or control the majority of the stock.

APPEAL from the chancery court of Clay county.

HON. J. Q. ROBINS, Chancellor.

Suit by R. E. Beckett against the Planters' Compress & Bonded Warehouse Company and others. From a judgment sustaining a demurrer to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

107 Miss. 20

*Wiley H. Clifton,* and *Roberds & Beckett,* for appellant.

A stockholder may object to an *ultra vires* act, or if the act be already committed, may hold the directors to account for it. 2 Cook on Corp. (6 Ed.), paragraphs 493, 663, and 482, and numerous authorities there cited. That the charter constitutes a contract between the corporation and its stockholders is a principle of law that has become firmly imbedded in the jurisprudence of modern times. *Harding* v. *American, etc.,* 182 Ill. 551.

Upon this principle of law rests the stability, permanence, and honesty of management of many corporations, and from it arises much of the confidence, safety, and protection of the stockholder himself. 2 Cook on Corp. (6 Ed.), par. 669; *Natuchs* v. *Irving,* 2 Cooper's Ch. 358, by Lord Eldon. I bow to the authority of *Natusch* v. *Irving.* The funds of a joint stock company established for one undertaking cannot be applied to another. If an attempt is made to do so, this act is *ultra vires,* and, although sanctioned by all the directors and by a large majority of the stockholders, any single stockholder has a right to resist it. Lord Chancellor in *Simpson* v. *Westminster, etc., Co.,* 8 H. L. Cas. 712. There can be no doubt that, if the directors or officers of a company do acts clearly beyond their power, whereby loss ensues to the company, or dispose of its property, or pay away its money without authority, they may be required to make good the loss out of their private estates. 2 Cook on Corp. (6 Ed.), par. 682, and notes; Thompson, Liab. Off. 375, par. 16.

The directors, and stockholders participating with them, did an act clearly beyond their power, in using the entire capital stock of the Planters Compress and Bonded Warehouse Company, in erecting an ice factory and operating the Crystal Ice Company, and in that *ultra vires* act, they lost every dollar the Compress Company had. The said officers and stockholders applied said funds

of the Planters Compress Company in and for the erection and operation of an ice and cold storage plant, in which they were partners, and said funds were squandered in said ice and cold storage business and very great losses were incurred, etc. During the year 1905, the directors of the said Planters Compress & Bonded Warehouse Company, erected an ice plant, using the funds of the Planters Compress & Bonded Warehouse Company for that purpose; said ice and cold storage business was operated under the name of the Crystal Ice & Cold Storage Company and the directors applied the entire capital stock of the Planters Compress & Bonded Warehouse Company in the erection and operation of said ice and cold storage plant, so that within one year, more or less, the entire capital stock of said Planters Compress & Bonded Warehouse Company had been lost, etc. Amended Bill, Record pages 49 and 50.

The purposes for which this corporation is created are for the compression of cotton, and the storage of cotton, merchandise and other property in connection with such plant, and is authorized to buy, sell and lease any and all other real property, personal or mixed, in connection with and for the purpose above named, etc.

A corporation possesses only those powers which its charter or the statute confers, either expressly or as incidental to its very existence and so essential to the enjoyment of some special grant that without it, the right would fail. *Gaines* v. *Coates,* 51 Miss. 335 (1875); *Southern Electric Securities Co.* v. *State,* 91 Miss. 195 (1907), 124 Am. St. 638. As to what kind of power will be considered essential to corporate existence, and hence implied, in Mississippi, see, *McIntyre* v. *Ingraham,* 35 Miss. 25; *Lusk* v. *Lewis,* 32 Miss. 297.

That the directors, and other participators in the ice business, realized that such business was clearly *ultra vires,* is shown by the fact that they abandoned the corporate name of the Planters Compress Company and

conducted the ice and cold storage business under the name of the Crystal Ice & Cold Storage Company, and only the initiated knew that the ice company was using the funds of the Compress Company. The Bank of West Point, in paying out all the compress funds, knew that they were doing an illegal act, because Isham Evans was president of the bank and president and director of the Compress Company, and was, also, one of the partners in the Crystal Ice & Cold Storage Company.

An individual stockholder may bring suit against the directors and others, in his own name, for the benefit of the corporation, making the corporation a party defendant. *Hawes* v. *Oakland*, 104 U. S. 450; *Mount* v. *Radford Trust Company*, 93 Va. 427; *Porter* v. *Sabine*, 149 U. S. 478; *Young* v. *Alhambra, etc.*, 71 Fed. 810; 4 Thompson on Corp., par. 4479-4550. The stockholder must not be guilty of participating or acquiescence in the acts complained of. 4 Thompson on Corp., par. 4497. Participation, acquiescence, and estoppel are all expressly denied in the original bill.

Stockholders must show interest in the suit, by showing that if anything should be recovered, it would not be all taken up in paying creditors. *Wilkins* v. *Neville* (Miss.), 53 So. 594.

In this suit the original bill expressly shows that there are no creditors of the corporation except complainant. To enable a stockholder in a corporation to sustain, in a court of equity, in his own name, a suit founded on a right of action existing in the corporation itself, there must exist, as a foundation of the suit, some action of the managing board of directors or trustees of the corporation, which is beyond the authority conferred on them by their charter or other source of organization. *Hawes* v. *Oakland*, 104 U. S. 450. This is the leading case in this country on this subject, and reviews the previous decisions.

In this suit the foundation of the action is the act of the directors in control of the corporation, in diverting

the funds to the Crystal Ice and Cold Storage Company, and so losing them, which as shown above was absolutely *ultra vires* and illegal, and the act of the directors and other defendants who were partners in the Ice Company in knowingly receiving the funds of the Planters Compress & Bonded Warehouse Company without returning them. A stockholder, bringing a suit of this kind, must allege and prove that he requested the corporation to bring the suit. 3 Cook on Corp. (6 Ed), par. 740. But such allegation is not necessary nor proper where the corporation is still under the management or control of the guilty parties. 3 Cook on Corp. (6 Ed.), par. 741; 4 Thompson on Corp., 4504.

The original bill clearly shows that the corporation is still under the control of the guilty parties. Record page 12. The amended bill states even more clearly that the guilty parties are still in control. The whole history of equity jurisprudence presents the spectacle of a race of diligence and skill between the rogue and the chancellor. If the chancellor were tied down to fixed rules and methods of procedure, it is easy to see that the rogue would, in nearly all cases, come out ahead; for no sooner would the chancellor lay down some rule to circumvent roguery, than the ingenuity of the rogue would invent some means of circumventing the rule. And there is no better illustration of this than what we are now considering. If the shareholders had no relief against their unfaithful directors, except by assembling and electing a new board of directors, through whom to assert such relief, the directors could effectively destroy the rights of a minority of the shareholders, by getting and keeping control of a majority of the shares and constantly re-electing themselves to office. Again it is a principle that the law does not drive a man to do a vain thing; hence where the object of an action is to redress breaches of trust committed by the directors themselves, and where they hold or control a majority of the stock,

or are otherwise entrenched in power, that they cannot be dislodged through ordinary corporate action, it would be requiring the doing of a vain and useless thing to require the complaining stockholder to serve notice upon the directors to bring an action against themselves in the name of the corporation. 4 Thompson on Corp., par. 4504.

The nonsense of such a proceeding is heightened when it is considered that, as the directors wield the power of the corporation and appoint the counsel who represent it, such action would necessarily be collusive for they would be in a substantial sense both the plaintiffs and the defendants. 4 Thompson on Corp., par. 4504. No request is necessary where, in case the directors brought the suit, the suit would necessarily be under the control of persons opposed to its success, and where the directors themselves are the wrongdoers or the partisans thereof. *Steiner* v. *Parson,* 103 Ala. 215; *Davis* v. *Gimmel,* 70 Md. 356, Atl. Rep. 259; *Peabody* v. *Flint,* 6 Allen 52; *Brewer* v. *Theatre Company,* 104 Mass. 378; *Pond* v. *Railroad Co.,* 12 Blatch, 280; *Salmons* v. *Laing,* 12 Beav. 377; *Currier* v. *Railroad Co.,* 35 Hun 355; *Bricherhoff* v. *Bostwick,* 88 N. Y. 52; *Doud* v. *Railroad Company,* 65 Wis. 108, 25 N. W. 533; *Tazewell* v. *Farmers Loan etc., Co.,* 12 Fed. 752; *Smith* v. *Poor,* 3 Ware, 148.

To show control on the part of the guilty parties, it is not necessary to aver that they own a majority of the stock; all that is necessary to be averred, is such a state of facts as renders it reasonably certain that a suit by the corporation would be impossible, and that a demand on the managing body would be nugatory and vain. Pomeroy's Equity Jurisprudence, sec. 1095; *Rothwell* v. *Robinson,* 39 Minn. 1, 12 Am. St. Rep. 608; Morawetz on Private Corporations, sec. 242; *Eschwielder* v. *Stowell,* 78 Wis. 316, 23 Am. St. Rep. 411; *Loomis* v. *Missouri, etc., R. R. Co.* (1901), 165 Mo. 469, 488; *State* v. *Grant University* (Tenn. 1905), 90 S. W. 294; *Jacobson* v.

*Brooklyn, etc. Co.* (1906), 184 N. Y. 152; *Von Arnim* v. *American Tubeworks* (1905), 188 Mass. 151; *McConnell* v. *Combination, etc. Mining Co.* (1904), 30 Mont. 239; *Burrows* v. *Interborough, etc., Co.* (1907), 156 Fed. 389; *Williams* v. *Erie Mountain, etc., Co.* (1907), 91 Pac. 1091; *Young* v. *Alhambra Mining Co.*, 71 Fed. 811 (Judge Grosscup). If the directors are the guilty parties, a stockholder suing to prevent their running the corporation for the benefit of a partnership need not allege a request to them to sue. *Rothwell* v. *Robinson,* 39 Minn. 1.

No request to the directors of the company to bring the suit is necessary, where the directors are the guilty parties and a majority of the stockholders are participants with them, and have approved of their action. *Nathan* v. *Thompkins,* 82 Ala. 437; *Tillis* v. *Brown* (Ala. 1908), 47 So. 589; *Steiner* v. *Parsons,* 16 So. 6.

It has been held in Alabama, that the facts showing control of the defendant over the corporation must be stated with particularity and not as mere conclusions of the pleader. *Steiner* v. *Parsons,* 13 So. 771, as modified by *Steiner* v. *Parsons,* 16 So. 6.

*J. J. McClellan* and *A. F. Fox,* for appellee.

This is a suit instituted by a single stockholder of the Planters Compress & Bonded Warehouse Company against the said company and all of its directors and stockholders and also against the Bank of West Point. The original bill and all the amended bills in the case are unsworn to and the whole proceeding was begun and has been, at every step, to this date, without authority of the corporation or its directors or stockholders; and without appealing to the board of directors or the stockholders for a redress of the alleged grievances and without alleging in the original bill or in the several amendments thereto, any sufficient reason for not appealing to the authorities or the stockholders for redress. Accord-

ing to all the authorities which, so far as we know, are perfectly uniform in this question, it is a condition precedent to the rights of a stockholder to institute a suit in cases of this character, that he shall first apply to the board of directors for redress or to bring suit, and failing in this, it is his duty to apply to the stockholders. Every reasonable effort shall be made to obtain action on the part of the corporate authorities, and the facts showing all this shall be alleged in the bill clearly so as to convince the court that such an application for redress would have been futile.

We beg to call the attention of the court to a few of the leading authorities on this question. *Hawes* v. *Oakland,* 104 U. S. 450; *Quincy* v. *Steel,* 120 U. S. 241; L. Ed. 624; *Neal* v. *L. & N. R. R. Co.* (Ala.), 29 So. 865; *Roman* v. *Woolfolk,* 13 So. 212; *Steiner* v. *Parsons* (Ala.), 13 So. 771; *Montgomery Traction Co.* v. *Harman* (Ala.), 37 So. 371; *Tillis* v. *Brown* (Ala.), 45 So. 389; *Howzw* v. *Harrison.* (Ala.), 51 So. 614; *Hagood* v. *Smith* (Ala.), 50 So. 374; *Decature Mineral & Land Co.* v. *Palm* (Ala.), 21 So. 315; *Montgomery Light Co.* v. *Lahey* (Ala.), 25 So. 1004; 10 Cyc. 975-76-77.

We might cite innumerable cases to the same effect as those above cited. They are uniform and we know of no conflict in the authorities, tested by the principles laid down in the above authorities.

SMITH, C. J., delivered the opinion of the court.

Appellant, complainant in the court below, is a stockholder in the Planters' Compress & Bonded Warehouse Company; and appellees, defendants in the court below, are the corporation, its directors, and the Bank of West Point. The bill alleged that during the year 1905 the directors of the Compress Company, without the knowledge or consent of complainant, abandoned the compress and warehouse business and invested the capital stock of the company in the erection of an ice and cold storage

plant, which plant was operated with the funds of the company for several years; that directors borrowed from the Bank of West Point the sum of forty-four thousand dollars, the bank knowing the purpose for which the money was to be used, and also that under its charter the company had no power to own and operate an ice and cold storage plant; that in order to liquidate this indebtedness it finally became necessary for the company to dispose of all of its property, there remaining, after the settlement of its debts, nothing to be distributed to the stockholders—and prayed that these directors and the Bank of West Point be held to account for this misuse of the company's funds. A demurrer was interposed to this bill, and sustained.

In so far as the Bank of West Point is concerned, no cause of action is stated by this bill. No fraud is charged against the bank, and, in the absence thereof, any knowledge it may have had of what disposition the company or its directors intended to make of the money borrowed from it is immaterial.

The grounds upon which it is sought to sustain the demurrer, in so far as the directors of the Compress Company are concerned, are:

"It does not appear from said bill that suit would not have been instituted in the name of the corporation, had proper application been made to the stockholders.

"It does not appear from said bill that complainant ever sought to have alleged wrongs redressed by the corporation or board of directors."

It is true that ordinarily, before a stockholder can maintain a suit of this character, he must exhaust all reasonable means within his reach to obtain redress within the corporation itself; and should the directors, when requested, decline to institute the suit, an appeal, if practicable, should be made to the stockholders themselves to take such action as they may deem proper and have the power to do. From the allegations of this bill,

however, it appears that the offending directors themselves either own or control the majority of the stock of the corporation, so that an appeal either to the directors or to the stockholders for redress was not necessary, for it is not to be expected that under such circumstances any redress would have been granted, and the law never imposes upon any one the doing of a vain and fruitless thing.

*Reversed and remanded.*